UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2013-C13, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C13,<br><br>       Plaintiff,<br><br>      v.<br><br>CHICAGO SOUTH LOOP HOTEL OWNER, LLC, an Illinois Limited Liability Company; VICKIE WHITE, individually; LOUIS DODD, individually; SCHMIDT SALZMAN & MORAN, LTD., an Illinois Limited Corporation; MICHIGAN PLAZA MOTEL, INC., an Illinois Corporation; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS,<br><br>       Defendants. | Case No.:<br><br>Judge:<br><br><u>Property</u><br>11 West 26th Street<br>Chicago, Illinois 60616<br><br>**NON-RESIDENTIAL** |

**VERIFIED COMPLAINT FOR MORTGAGE FORECLOSURE AND OTHER RELIEF**

  Plaintiff, U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13 ("Plaintiff" or "Lender"), acting by and through its special servicer, Rialto Capital Advisors, LLC ("Rialto"), by its undersigned counsel, hereby complains of the following defendants Chicago South Loop Hotel Owner, LLC ("Borrower"), Vickie White ("V. White"), Louis Dodd ("L. Dodd" and, collectively with V. White, "Guarantors"), Schmidt Salzman & Moran, Ltd. ("SSM"), Michigan Plaza Motel ("MPM"), Unknown Owners and Non-Record Claimants, and states as follows:

## PARTIES

1. Plaintiff is a national banking association domiciled in, and a citizen of, the state of North Carolina.

2. Defendant Chicago South Loop Hotel Owner, LLC ("Borrower") is an Illinois Limited Liability Company. Chicago South Loop Hotel Owner, LLC's co-managers are: i) Louis Dodd, who is a citizen of, and domiciled in, Illinois; and ii) Vickie White, who is a citizen of, and domiciled in, Illinois.

3. On information and belief, defendant Schmidt Salzman & Moran, Ltd.; is an Illinois Limited Corporation domiciled in, and a citizen of, the state of Illinois.

4. On information and belief, defendant Michigan Plaza Motel, Inc. is an Illinois Corporation domiciled in, and a citizen of, the state of Illinois.

5. On information and belief, there may be "Unknown Owners" whose existence and identity are unknown to Lender and who have, or may assert, an interest in and to the Property (as more fully defined below). Such Unknown Owners are named as defendants herein to terminate their purported interests in and to the Property.

6. On information and belief, there may be "Non-Record Claimants" whose existence and identity are unknown to Lender and who have or may assert a lien or other claim in and to the Property. Such Non-Record Claimants are named as defendants herein to terminate their purported liens or claims in and to the Property.

## SUBJECT MATTER JURISDICTION AND VENUE

7. The U.S. District Court for the Northern District of Illinois (the "Court") has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is civil in nature,

complete diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

9. Plaintiff files this Verified Complaint, pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage (as defined below) against Defendants.

10. Attached hereto as **Exhibit "1"** and incorporated herein is a true and correct copy of that certain Mortgage, Security Agreement and Fixture Financing Statement for the benefit of Morgan Stanley Mortgage Capital Holdings, LLC ("Original Lender") dated October 24, 2013, and recorded with the Cook County Recorder of Deeds on October 25, 2013, as Document No. 1329817049 (the "Mortgage").

11. Attached hereto as **Exhibit "2"** and incorporated herein is a true and correct copy of that certain Promissory Note dated October 24, 2013 (along with Allonge transferring the Promissory Note to Plaintiff attached thereto, the "Note") by and between Borrower for the benefit of Original Lender and in the principal amount of Six Million Eight Hundred Thousand Dollars and No Cents ($6,800,000.00) (the "Loan").

12. Attached hereto as **Exhibit "3"** and incorporated herein is a true and correct copy of that certain Assignment of Leases and Rents ("ALR") dated October 24, 2013, executed by Borrower for the benefit of Original Lender and recorded with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817050.

13. Attached hereto as **Exhibit "4"** and incorporated herein is a true and correct copy of that certain Cash Management Agreement ("CMA") dated October 25, 2013, executed by Borrower for the benefit of Original Lender.

14. Attached hereto as **Exhibit "5"** is a true and correct copy of that certain Guaranty of Recourse Obligations of Borrower, dated October 24, 2013 (the "Guaranty").

15. Original Lender perfected its interest in the personal property related to the Property by recording that certain UCC-1 Financing Statement with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817051 ("UCC-1"), a true and correct copy of which is attached hereto as **Exhibit "6"** and incorporated herein by reference.

16. Attached hereto as **Exhibit "7"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage, Security Agreement and Financing Statement ("AOM") dated December 11, 2013, executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622070.

17. Attached hereto as **Exhibit "8"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR") executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622071.

18. Attached hereto as **Exhibit "9"** and incorporated herein is a true and correct copy of that certain Amendment to UCC-1 Financing Statement ("AUCC") executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622069.

19. Attached hereto as **Exhibit "10"** and incorporated herein is a true and correct copy of that certain Omnibus Assignment executed by Original Lender for the benefit of Plaintiff assigning, to the extent necessary, all other rights, title and interests in the Loan to Plaintiff.

20. The foregoing documents, and all other agreements and documents evidencing, securing, or otherwise relating to the Loan are collectively referred to herein as the "<u>Loan Documents</u>."

21. The obligations set forth in the Loan Agreement are secured by the Mortgage, Note and other Loan Documents.

## COUNT I
## CLAIM OF FORECLOSURE ON MORTGAGE AND NOTE

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Information concerning said Mortgage is as follows:

    a. <u>Nature of the instrument</u>: Mortgage, Security Agreement and Fixture Financing Statement.

    b. <u>Date of the Mortgage</u>: October 24, 2013.

    c. <u>Name of Mortgagor</u>: Chicago South Loop Hotel Owner, LLC.

    d. <u>Name of Mortgagee</u>: U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13.

    e. <u>Date and Place of Recording and Identification of Recording</u>: The Mortgage was recorded with the Cook County Recorder of Deeds on October 25, 2013, as Document No. 1329817049.

    f. <u>Interest subject to the Mortgage</u>: Fee Simple.

    g. <u>Amount of Original Indebtedness</u>: $6,800,000.00.

    h.    <u>Legal Description of mortgaged real estate, Pins, Common Address, and Description of mortgaged personal property</u>:

Street Address 11 West 26th Street, Chicago, Illinois.

PARCEL 1 -

LOTS 2 TO 11, BOTH INCLUSIVE, (EXCEPT THE NORTH 33 FEET OF LOTS 6 TO 11 BOTH INCLUSIVE, TAKEN FOR 26TH STREET) IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LAND IN THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 28, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, ALSO THAT PART OF THE WEST 26TH PLACE SOUTH OF AND ADJOINING SAID LOTS LYING EAST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF SAID LOT 11 AND LYING WEST OF A LINE DRAWN FROM THE SOUTHEAST CORNER OF LOT 5 IN COUNTY CLERK'S DIVISION TO THE NORTHEAST CORNER OF LOT 1 IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71, BOTH INCLUSIVE, IN ADAMS'S SUBDIVISION OF PART OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 28, IN COOK COUNTY, ILLINOIS

PARCEL 2:

LOTS 1 TO 5, BOTH INCLUSIVE, (EXCEPT THE NORTH 33 FEET TAKEN FOR 26TH STREET) IN W H. ADAM'S SUBDIVISION OF PART OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 28, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO LOTS 12 TO 15 BOTH INCLUSIVE (EXCEPT THE NORTH 33 FEET TAKEN FOR 26TH STREET) IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LAND IN THE NORTHEAST ¼ OF THE SOUTHEAST 1/4 OF SECTION 28, ALSO THAT PART OF WEST 26TH PLACE LYING SOUTH OF THE SOUTH LINE OF SAID LOTS 1 TO 5, BOTH INCLUSIVE, AND SAID SOUTH LINE EXTENDED EAST LYING NORTH OF A LINE DRAWN 30 0 FEET SOUTH OF AND PARALLEL WITH THE SOUTH LINE AND ITS EASTERLY EXTENSION LYING EAST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF LOT 5 AND LYING WEST OF THE SOUTHERLY EXTENSION OF THE EAST LINE OF LOT 12, ALL IN COOK COUNTY, ILLINOIS

PARCEL 3

1, 2, 3, 18, 19 AND 20 IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71, BOTH INCLUSIVE, EXCEPTING FROM LOTS 19 AND 20 THAT PART THEREOF LYING WEST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF LOT 11 IN COUNTY CLERK'S DIVISION AND LYING NORTH OF A LINE DRAWN 39 886 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 20, ALSO THAT PART OF THE NORTH AND SOUTH 16 FOOT ALLEY IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71 INCLUSIVE, LYING NORTH OF THE WESTERLY EXTENSION OF THE SOUTH LINE OF LOT 3 IN SAID BLOCK 1, IN COOK COUNTY, ILLINOIS

PIN 17-28-407-007-0000, 17-28-407-012-0000, 17-28-409-006-0000, and 17-28-410-014-0000

The Mortgage constitutes a security agreement pursuant to the Uniform Commercial Code. Thus, the real estate described above (the "Property") to be foreclosed, includes certain personal property related thereto, including all personal property of any kind or nature whatsoever, tangible and intangible, used in relation to the maintenance, use, occupancy and enjoyment of the Property including, without limitation, all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, all deposits and deposit accounts and all other personal property of any kind or character whatsoever (collectively, the "Personal Property"). Pursuant to 810 ILCS 5/9-604(a), Lender has elected to proceed against both the real estate and the Personal Property pursuant to this foreclosure action.

i. Statement as to Defaults and Amounts Now Due: Borrower is in default under the Loan Documents by reason of, without limitation, Borrower's: (i) failure to make all payments due and payable to Lender in accordance with the Loan Documents, including Articles IV and V of the Note and Section 3.1 of the Mortgage, by not paying default interests and late fees and other costs associated with the late payment of the monthly installment payments in December 2019, January and March 2020, and February, March, April, May, June, July, August, September, October, November and December 2021, which failures each constitute an Event of Default pursuant to, among other provisions, Section 10.1(a) of the Mortgage; (ii) failure to provide financial statements when requested, as required by, among other provisions, Section 3.12 of the Mortgage to Lender, each failure of which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(b) of the Mortgage; (iii) failure to obtain Lender's consent to the replacement of the Property Manager in violation of Section 3.17 of the Mortgage which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(m) of the Mortgage; (iv) failure to at all times to

7

have Louis Dodd control the day-to-day operations and management of Borrower and the Property, which constitutes an Event of Default pursuant to, among other provisions, Section 8.5(a) and 10.1(d) of the Mortgage; (v) failure to obtain the Lender's consent for unpermitted debt in the amount of approximately $1.2MM (i.e., shareholder loans) to encumber the property in violation of Section 8.1 of the Mortgage which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(h) of the Mortgage; (vi) failure to timely file its federal and state tax returns which is an Event of Default pursuant to, among other provisions, Section 4.2(p) and 10.1(d) of the Mortgage; (vii) failure to prevent a lien to be filed against the Property, which is an Event of Default pursuant to, among other provisions, Section 10.1(h) of the Mortgage; (viii) failure to comply with the Cash Management Agreement executed between the parties as of October 24, 2013, which failure to comply is a breach under Paragraph 5 of the Cash Management Agreement and an Event of Default pursuant to, among other provisions, Section 10.1(m) of the Mortgage; (ix) acceptance of additional debt other than the Loan, including, without limitation, a loan under the Paycheck Protection Program, an Economic Injury Disaster Loan, and a loan from an affiliate, Amber Motel, Inc., each of which is a violation of Section 4.2(h) of the Mortgage, and an Event of Default pursuant to, among other provisions, Section 10.1(d) of the mortgage; and (x) Guarantors' failure to each maintain, or prove that they are maintaining, a minimum fifty percent aggregate net worth and, at minimum, 50% aggregate liquidity, which is a default pursuant to, among other provisions, Section 22 of the Guaranty, and an Event of Default pursuant to, among other provisions, Section 10.1(j) of the Mortgage.

Accordingly, the Loan Documents are in default and the entire unpaid balance is immediately due and payable pursuant to Section 11.1 of the Mortgage and Article III of the Note. As of September 6, 2022, the balance due under the Loan Documents, after any applicable credits, was not less than the sum of **$7,022,998.76**, consisting of, among other things, $5,420,632.15 in principal, Note interest of $25,392.65, and late charges and other fees of $1,576,973.96 with attorneys' fees and costs of collection to be added thereto. Interest continues to accrue in accordance with Article IV of the Note, as more particularly described therein.

The total amount due under the Loan Documents, including accruing interest, late fees, and attorneys' fees and expenses shall hereinafter be referred to as the "Indebtedness."

j. Present title holders of the Property: Chicago South Loop Hotel Owner, LLC.

k. <u>Other persons in addition to such title holders who Plaintiff joins as Defendants and whose interest in or lien on the Property are sought to be terminated</u>:

1) V. White, to the extent the Guaranty provides an interest in the Property, and pursuant to her appearance on tax bills related to the Property;

2) L. Dodd, to the extent the Guaranty provides an interest in the Property;

3) SSM, pursuant to a purported lien filed against the Property on July 13, 2021 as the same appears in the Cook County Recorder of Deeds as Document No. 2119422042;

4) MPM, pursuant to its appearance on tax bills related to the Property; and

5) All Unknown Owners and Unknown and Non-Record Claimants.

l. <u>Defendants who are personally liable for any deficiency</u>:

1) Plaintiff reserves its right to assert against Borrower and Guarantors liability for any deficiency.

m. <u>Capacity in which Lender brings this foreclosure action</u>: Lender is the legal owner and holder of the Mortgage and the Loan Documents herein described and is entitled to all sums due thereunder.

n. <u>Facts in support of shortened redemption period</u>: The right of reinstatement and redemption has been waived pursuant to Section 14.2 of the Mortgage, titled *Marshalling and Other Matters*.

o. <u>Statement that the right of redemption has been waived</u>: The right of reinstatement and redemption has been waived pursuant to Section 14.2 of the Mortgage, titled *Marshalling and Other Matters*, among other provisions, which provides:

> Borrower hereby waives, to the extent permitted by law, the benefit of all . . . reinstatement and redemption laws now or hereafter in force . . .. Further, Borrower hereby expressly waives any and all rights and periods of redemption from sale under 735 ILCS 5/15-1601(b) or any other order or decree of foreclosure of this Security Instrument on behalf of Borrower, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Security Instrument and on behalf of all Persons to the extent permitted by Applicable Laws.

p. <u>Facts in support of request for attorneys' fees and costs and expenses</u>:

Section 11.1(h) of the Mortgage, titled *Remedies*, provides as follows:

> Upon the occurrence of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property . . .. Lender may … (vii) apply the receipts from the Property to the payment of the Debt, in such order, priority and proportions as Lender shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, insurance and other expenses in connection with the Property, as well as just and reasonable compensation for the services of Lender, its counsel, agents and employees.

In addition, Section 11.3 of the Mortgage, titled *Right to Cure Defaults*, provides as follows:

> Lender is authorized to . . . foreclose this Security Instrument or collect the Debt. The cost and expense of any cure hereunder (including reasonable attorneys' fees to the extent permitted by law), with interest as provided in this Section 11.3 shall constitute a portion of the Debt and shall be due and payable to Lender upon demand. All such costs and expenses incurred by Lender in remedying such Event of Default . . . shall be deemed to constitute a portion of the Debt and be secured by this Security Instrument and the other Loan Documents and shall be immediately, due and payable upon demand by Lender therefor.

Also, Section 19.2 of the Mortgage, titled *Legal Fees for Enforcement*, provides as follows:

> (a) . . . Borrower shall pay to Lender on demand any and all expenses, including legal expenses and attorneys' fees, incurred or paid by Lender in protecting its interest in the Property or in collecting any amount payable hereunder or in enforcing its rights hereunder with respect to the Property, whether or not any legal proceeding is commenced hereunder or thereunder, together with interest thereon at the Default Rate from the date paid or incurred by Lender until such expenses are paid by Borrower, and all "special servicing", "workout" and/or "liquidation" fees (or their equivalent).

q. <u>Facts in support of a request for appointment of receiver</u>: Section 11.1(g) of the Mortgage permits the Lender to take the following action in order to "protect and enforce its rights against Borrower and in and to the Property":

> apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any Guarantor, Indemnitor or of any Person liable for the payment of the Debt.

11

    r.    Lender does NOT offer to accept title to the Property in satisfaction of the Indebtedness and obligations secured by the Mortgage without judicial sale.

    s.    <u>Defendants whose rights to possess the Property, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof</u>:

        1)    Borrower;

        2)    V. White;

        3)    L. Dodd;

        4)    SSM;

        5)    MPM; and

        6)    All Unknown Owners and Non-Record Claimants.

Lender's interest in the Property is superior to the rights, if any, held by the above-named entities and individuals.

24.    Along with the allegations set forth above, Plaintiff hereby incorporates all of the allegations deemed to be included in a mortgage foreclosure complaint pursuant to Section 735 ILCS 5/15-1504(c).

WHEREFORE, Lender respectfully asks this Court for the following relief:

    a.    Declare the Mortgage as a first and prior lien on the Property that is superior to any and all interests of Defendants in the Property;

    b.    Enter a judgment of foreclosure and sale against Borrower and further direct that the Property described herein be sold to satisfy the Indebtedness due under the Loan Documents, including, without limitation, attorneys' fees, costs, and any post-judgment statutory interest and fees and costs awarded by the Court;

c.     Enter a judgment in favor of Lender and against Borrower for any deficiency if the sale of the Property fails to produce a sufficient amount to pay the amount found due if requested by Plaintiff;

d.     Enter an order declaring that the reinstatement and redemption periods have been waived;

e.     Enter an order appointing a receiver upon the filing of an appropriate motion; and

f.     Enter an order granting such other and further relief as the Court may deem just and appropriate under the circumstances.

### ADDITIONAL REQUEST FOR RELIEF

Plaintiff further request that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS 5/15-1506 (f)):

a.     A sale of the Property by public auction or other means, for cash in hand at time of sale;

b.     A sale of the Property by open bid;

c.     A provision that the Judicial Sales Corporation be appointed by the Court to conduct the sale if sold by auction;

d.     That title in the Property may be subject, at the sale, to exceptions, including all delinquent real estate taxes and all general real estate taxes which are a lien upon the Property, but have not yet become due and payable, and special assessments, if any, easements and restrictions of record;

e.     In the event a party to the foreclosure sale is a successful bidder for the Property at auction, such party shall be allowed to offset against the purchase price to be paid

        by party such amounts due such party under the judgment of foreclosure or order confirming the sale; and

    f.    Such other and further relief as the Court deems just and proper to ensure sale of the Property for the most commercially favorable price for the type of real estate involved.

Dated: September 29, 2022                              /s/ *Aaron Davis*
                                                                                 Counsel for Plaintiff

Jason J. DeJonker (IL ARDC 06272128)
Aaron E. Davis (IL ARDC 06292665)
Zeke N. Katz (IL ARDC 6317470)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: 312-602-5000
Jason.DeJonker@bclplaw.com
Aaron.Davis@bclplaw.com
Zeke.Katz@bclplaw.com

## **VERIFICATION**

The undersigned, under penalties as provided pursuant to 735 ILCS 5/1-109, certifies that they are the authorized agent of Lender and as such are familiar with the books and records of the plaintiff with respect to the matters alleged in the foregoing Verified Complaint for Mortgage Foreclosure and Other Relief, (the "Complaint") and further certifies that the statements and allegations set forth in the Complaint and these allegations deemed alleged by virtue of 735 ILCS 5/15-1504 are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that they verily believe the same to be true.

Name: Nick Powell
Title: Authorized Agent

SUBSCRIBED and SWORN
to before me this 22nd day of September, 2022

Notary Public

MATTHEW HENKEL
Notary Public-State of Florida
Commission # HH 183616
My Commission Expires
October 09, 2025