# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY BANK OF AMERICA MERRILL LYNCH TRUST 2013-C13, COMMERICAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C13, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 22-CV-05358 |
| CHICAGO SOUTH LOOP HOTEL OWNER, LLC, VICKIE WHITE, LOUIS DODD, SCHMIDT, SALZMAN & MORAN, LTD., AND MICHIGAN PLAZA MOTEL, INC., UNKNOWN OWNERS, AND NON-RECORD CLAIMANTS. | ) ) ) ) ) ) ) ) | Property: 11 West 26th Street Chicago, Illinois 60616 |

## DEFENDANT CHICAGO SOUTH LOOP HOTEL OWNER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant Chicago South Loop Hotel Owner, LLC ("Defendant"), for its Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Mortgage Foreclosure and Other Relief, states as follows:

### PARTIES

1.       Plaintiff is a national banking association domiciled in, and a citizen of, the state of North Carolina.

**ANSWER:**       **On information and belief, Defendant admits the allegations in paragraph 1.**

*                          *                          *

2.       Defendant Chicago South Loop Hotel Owner, LLC ("Borrower") is an Illinois Limited Liability Company. Chicago South Loop Hotel Owner, LLC's co-managers are: i) Louis Dodd, who is a citizen of, and domiciled in, Illinois; and ii) Vickie White, who is a citizen of, and domiciled in, Illinois.

**ANSWER:** Defendant admits that Chicago South Loop Hotel Owner, LLC is an Illinois Limited Liability Company. Defendant, on information and belief, admits that Louis Dodd is a citizen of and is domiciled in Illinois. Defendant admits that Vicki White, is the sole manager of Borrower and is a citizen of and domiciled in Illinois. Defendant denies the remaining allegations of paragraph 2.

*  *  *

3.     On information and belief, defendant Schmidt Salzman & Moran, Ltd. is an Illinois Limited Corporation domiciled in, and a citizen of, the state of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies the same.

*  *  *

4.     On information and belief, defendant Michigan Plaza Motel, Inc. is an Illinois Corporation domiciled in, and a citizen of, the state of Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies the same.

*  *  *

5.     On information and belief, there may be "Unknown Owners" whose existence and identity are unknown to Lender and who have, or may assert, an interest in and to the Property (as more fully defined below). Such Unknown Owners are named as defendants herein to terminate their purported interests in and to the Property.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies the same.

*  *  *

6.    On information and belief, there may be "Non-Record Claimants" whose existence and identity are unknown to Lender and who have or may assert a lien or other claim in and to the Property. Such Non-Record Claimants are named as defendants herein to terminate their purported liens or claims in and to the Property.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies the same.**

*                    *                    *

## SUBJECT MATTER JURISDICTION AND VENUE

7.    The U.S. District Court for the Northern District of Illinois (the "Court") has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the action is civil in nature, complete diversity of citizenship exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

**ANSWER:    Whether jurisdiction is proper is a conclusion of law to which no answer is required and for that reason Defendant denies such allegations and any other allegations in paragraph 7.**

*                    *                    *

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim occurred in this district.

**ANSWER:    Paragraph 8 is a conclusion of law to which no answer is required and for that reason, Defendant denies the allegations in paragraph 8.**

*                    *                    *

## GENERAL ALLEGATIONS

9.    Plaintiff files this Verified Complaint, pursuant to 735 ILCS 5/15-1101, et seq., to foreclose the Mortgage (as defined below) against Defendants.

**ANSWER:    Defendant admits that the Plaintiff filed this Complaint to foreclose on a mortgage. Defendant denies the remaining allegations of paragraph 9.**

*                   *                   *

10.     Attached hereto as **Exhibit "1"** and incorporated herein is a true and correct copy of that certain Mortgage, Security Agreement and Fixture Financing Statement for the benefit of Morgan Stanley Mortgage Capital Holdings, LLC ("Original Lender") dated October 24, 2013, and recorded with the Cook County Recorder of Deeds on October 25, 2013, as Document No. 1329817049 (the "Mortgage").

**ANSWER:**    **Defendant admits that attached as Exhibit 1 to the Complaint is a document titled Mortgage, Security Agreement and Fixture Financing Statement dated October 14, 2013, and recorded with the Cook County Recorder of Deeds on October 25, 2013, as Document No. 1329817049. Defendant denies any remaining allegations in paragraph 10.**

*                   *                   *

11.     Attached hereto as **Exhibit "2"** and incorporated herein is a true and correct copy of that certain Promissory Note dated October 24, 2013 (along with Allonge transferring the Promissory Note to Plaintiff attached thereto, the "Note") by and between Borrower for the benefit of Original Lender and in the principal amount of Six Million Eight Hundred Thousand Dollars and No Cents ($6,800,000.00) (the "Loan").

**ANSWER: Defendant admits that attached as exhibit 2 to the Complaint is document titled Promissory Note dated October 24, 2013 executed by Borrower in the in the principal amount of Six Million Eight Hundred Thousand Dollars and No Cents ($6,800,000.00). Plaintiff admits a document titled Allonge is also attached as Exhibit 2 to the Complaint. Defendant denies the remaining allegations in paragraph 11.**

*                   *                   *

12.     Attached hereto as **Exhibit "3"** and incorporated herein is a true and correct copy of that certain Assignment of Leases and Rents ("ALR") dated October 24, 2013, executed by Borrower for the benefit of Original Lender and recorded with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817050.

**ANSWER**: Defendant admits that attached as Exhibit 3 to the Complaint a document title Assignment of Leases and Rents dated October 24, 2013, executed by Borrower and recorded with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817050. Defendant denies the remaining allegations in paragraph 12.

         \*                   \*                   \*

13.     Attached hereto as **Exhibit "4"** and incorporated herein is a true and correct copy of that certain Cash Management Agreement ("CMA") dated October 25, 2013, executed by Borrower for the benefit of Original Lender.

**ANSWER**: Defendant admits that attached as Exhibit 4 to the Complaint is a document titled Cash Management Agreement executed by Borrower. Defendant denies the remaining allegations in paragraph 13.

         \*                   \*                   \*

14.     Attached hereto as **Exhibit "5"** is a true and correct copy of that certain Guaranty of Recourse Obligations of Borrower, dated October 24, 2013 (the "Guaranty").

**ANSWER**:     Defendant admits attached as Exhibit 5 to the Complaint is a document title a Guaranty of Recourse Obligations of Borrower dated October 24, 2013.

         \*                   \*                   \*

15.     Original Lender perfected its interest in the personal property related to the Property by recording that certain UCC-1 Financing Statement with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817051 ("UCC-1"), a true and correct copy of which is attached hereto as **Exhibit "6"** and incorporated herein by reference.

**ANSWER**: Defendant admits that attached as Exhibit 6 is a UCC Financing Statement recorded with the Cook County Recorder of Deeds on October 25, 2013 as Document No. 1329817051. Defendant denies the remaining allegations in paragraph 15.

         \*                   \*                   \*

16.     Attached hereto as **Exhibit "7"** and incorporated herein is a true and correct copy of that certain Assignment of Mortgage, Security Agreement and Financing Statement ("AOM") dated December 11, 2013, executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622070.

**ANSWER:     Defendant admits attached as Exhibit 7 to the Complaint is a document titled Assignment of Mortgage, Security Agreement and Financing Statement dated December 11, 2013, and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622070.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies the same.**

\*                                      \*                                      \*


17.     Attached hereto as **Exhibit "8"** and incorporated herein is a true and correct copy of that certain Assignment of Assignment of Leases and Rents ("AALR") executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622071.

**ANSWER: Defendant admits that as Exhibit 8 to the Complaint is a document titled Assignment of Assignment of Leases and Rents recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622071.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 and therefore denies the same.**

\*                                      \*                                      \*

18.     Attached hereto as **Exhibit "9"** and incorporated herein is a true and correct copy of that certain Amendment to UCC-1 Financing Statement ("AUCC") executed by Original Lender for the benefit of Plaintiff and recorded with the Cook County Recorder of Deeds on February 25, 2014, as Document No. 1405622069.

**ANSWER:     Defendant admits that attached as Exhibit 9 to the Complaint is document titled UCC Financing Statement Amendment recorded with the Cook County Recorder of**

Deeds on February 25, 2014, as Document No. 1405622069.  Defendant denies the remaining

allegations in paragraph 18.

       \*          \*          \*

19.  Attached hereto as **Exhibit "10"** and incorporated herein is a true and correct copy of that certain Omnibus Assignment executed by Original Lender for the benefit of Plaintiff assigning, to the extent necessary, all other rights, title and interests in the Loan to Plaintiff.

**ANSWER:**  **Defendant admits that attached as Exhibit 10 to the Complaint is a document titled Omnibus Agreement. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and therefore denies the same.**

       \*          \*          \*

20.  The foregoing documents, and all other agreements and documents evidencing, securing, or otherwise relating to the Loan are collectively referred to herein as the "Loan Documents."

**ANSWER:**  **Defendant denies that the documents attached to the Complaint are relevant documents related to the Loan and thus denies the allegations in paragraph 20.**

       \*          \*          \*

21.  The obligations set forth in the Loan Agreement are secured by the Mortgage, Note and other Loan Documents.

**ANSWER:**  **Paragraph 21 is a conclusion of law to which no answer is required and for that reason, Defendant denies the allegations in paragraph 21.**

       \*          \*          \*

## COUNT I
## CLAIM OF FORECLOSURE ON MORTGAGE AND NOTE

22.  Paragraphs 1 through 21 are incorporated herein by reference.

**ANSWER:** **Defendant incorporates by reference its answers to paragraphs 1 through 21 above as though fully set forth herein.**

        \*             \*             \*

23.    Information concerning said Mortgage is as follows:

    a.    <u>Nature of the instrument</u>:  Mortgage, Security Agreement and Fixture Financing Statement.

    b.    <u>Date of the Mortgage</u>:  October 24, 2013.

    c.    <u>Name of Mortgagor</u>:  Chicago South Loop Hotel Owner, LLC.

    d.    <u>Name of Mortgagee</u>:  U.S. Bank National Association, as Trustee for Morgan Stanley Bank of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13.

    e.    <u>Date and Place of Recording and Identification of Recording</u>:  The Mortgage was recorded with the Cook County Recorder of Deeds on October 25, 2013, as Document No. 1329817049.

    f.    <u>Interest subject to the Mortgage</u>:  Fee Simple.

    g.    <u>Amount of Original Indebtedness</u>:  $6,800,000.00.

    h.    <u>Legal Description of mortgaged real estate, Pins, Common Address, and Description of mortgaged personal property</u>:

Street Address 11 West 26th Street, Chicago, Illinois.

<u>PARCEL 1 -</u>

LOTS 2 TO 11, BOTH INCLUSIVE, (EXCEPT THE NORTH 33 FEET OF LOTS 6 TO 11 BOTH INCLUSIVE, TAKEN FOR 26TH STREET) IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LAND IN THE NORTHEAST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 28, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD

PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, ALSO THAT PART OF THE WEST 26TH PLACE SOUTH OF AND ADJOINING SAID LOTS LYING EAST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF SAID LOT 11 AND LYING WEST OF A LINE DRAWN FROM THE SOUTHEAST CORNER OF LOT 5 IN COUNTY CLERK'S DIVISION TO THE NORTHEAST CORNER OF LOT 1 IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71, BOTH INCLUSIVE, IN ADAMS'S SUBDIVISION OF PART OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 28, IN COOK COUNTY, ILLINOIS

PARCEL 2:

LOTS 1 TO 5, BOTH INCLUSIVE, (EXCEPT THE NORTH 33 FEET TAKEN FOR 26TH STREET) IN W H. ADAM'S SUBDIVISION OF PART OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 28, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO LOTS 12 TO 15 BOTH INCLUSIVE (EXCEPT THE NORTH 33 FEET TAKEN FOR 26TH STREET) IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LAND IN THE NORTHEAST ¼ OF THE SOUTHEAST 1/4 OF SECTION 28, ALSO THAT PART OF WEST 26TH PLACE LYING SOUTH OF THE SOUTH LINE OF SAID LOTS 1 TO 5, BOTH INCLUSIVE, AND SAID SOUTH LINE EXTENDED EAST LYING NORTH OF A LINE DRAWN 30 0 FEET SOUTH OF AND PARALLEL WITH THE SOUTH LINE AND ITS EASTERLY EXTENSION LYING EAST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF LOT 5 AND LYING WEST OF THE SOUTHERLY EXTENSION OF THE EAST LINE OF LOT 12, ALL IN COOK COUNTY, ILLINOIS

PARCEL 3

1, 2, 3, 18, 19 AND 20 IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71, BOTH INCLUSIVE, EXCEPTING FROM LOTS 19 AND 20 THAT PART THEREOF LYING WEST OF THE SOUTHERLY EXTENSION OF THE WEST LINE OF LOT 11 IN COUNTY CLERK'S DIVISION AND LYING NORTH OF A LINE DRAWN 39 886 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 20, ALSO THAT PART OF THE NORTH AND SOUTH 16 FOOT ALLEY IN BLOCK 1 IN THE SUBDIVISION OF LOTS 44 TO 71 INCLUSIVE, LYING NORTH OF THE WESTERLY EXTENSION OF THE SOUTH LINE OF LOT 3 IN SAID BLOCK 1, IN COOK COUNTY, ILLINOIS

PIN 17-28-407-007-0000, 17-28-407-012-0000, 17-28-409-006-0000, and 17-28-410-014-0000

The Mortgage constitutes a security agreement pursuant to the Uniform Commercial Code. Thus, the real estate described above (the "<u>Property</u>") to be foreclosed, includes certain personal property related thereto, including all personal property of any kind or nature whatsoever, tangible and intangible, used in relation to the maintenance, use, occupancy and enjoyment of the Property including, without limitation, all furniture, furnishings, objects of art, machinery, goods, tools, supplies, appliances, general intangibles, contract rights, accounts, accounts receivable, franchises, licenses, certificates and permits, all deposits and deposit accounts and all other personal property of any kind or character whatsoever (collectively, the "<u>Personal Property</u>"). Pursuant to 810 ILCS 5/9-604(a), Lender has elected to proceed against both the real estate and the Personal Property pursuant to this foreclosure action.

i. <u>Statement as to Defaults and Amounts Now Due</u>: Borrower is in default under the Loan Documents by reason of, without limitation, Borrower's: (i) failure to make all payments due and payable to Lender in accordance with the Loan Documents, including Articles IV and V of the Note and Section 3.1 of the Mortgage, by not paying default interests and late fees and other costs associated with the late payment of the monthly installment payments in December 2019, January and March 2020, and February, March, April, May, June, July, August, September, October, November and December 2021, which failures each constitute an Event of Default pursuant to, among other provisions, Section 10.1(a) of the Mortgage; (ii) failure to provide financial statements when requested, as required by, among other provisions, Section 3.12 of the Mortgage to Lender, each failure of which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(b) of the Mortgage; (iii) failure to obtain Lender's consent to the replacement of the Property Manager in violation of Section 3.17 of the Mortgage which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(m) of the Mortgage; (iv) failure to at all times to have Louis Dodd control the day-to-day operations and management of Borrower and the Property, which constitutes an Event of Default pursuant to, among other provisions, Section 8.5(a) and 10.1(d) of the Mortgage; (v) failure to obtain the Lender's consent for unpermitted debt in the amount of approximately $1.2MM (i.e., shareholder loans) to encumber the property in violation of Section 8.1 of the Mortgage which constitutes an Event of Default pursuant to, among other provisions, Section 10.1(h) of the Mortgage; (vi) failure to timely file its federal and state tax returns which is an Event of Default pursuant to, among other provisions, Section 4.2(p) and 10.1(d) of the Mortgage; (vii) failure to prevent a lien to be filed against the Property, which is an Event of Default pursuant to, among other provisions,

Section 10.1(h) of the Mortgage; (viii) failure to comply with the Cash Management Agreement executed between the parties as of October 24, 2013, which failure to comply is a breach under Paragraph 5 of the Cash Management Agreement and an Event of Default pursuant to, among other provisions, Section 10.1(m) of the Mortgage; (ix) acceptance of additional debt other than the Loan, including, without limitation, a loan under the Paycheck Protection Program, an Economic Injury Disaster Loan, and a loan from an affiliate, Amber Motel, Inc., each of which is a violation of Section 4.2(h) of the Mortgage, and an Event of Default pursuant to, among other provisions, Section 10.1(d) of the mortgage; and (x) Guarantors' failure to each maintain, or prove that they are maintaining, a minimum fifty percent aggregate net worth and, at minimum, 50% aggregate liquidity, which is a default pursuant to, among other provisions, Section 22 of the Guaranty, and an Event of Default pursuant to, among other provisions, Section 10.1(j) of the Mortgage.

Accordingly, the Loan Documents are in default and the entire unpaid balance is immediately due and payable pursuant to Section 11.1 of the Mortgage and Article III of the Note. As of September 6, 2022, the balance due under the Loan Documents, after any applicable credits, was not less than the sum of **$7,022,998.76**, consisting of, among other things, $5,420,632.15 in principal, Note interest of $25,392.65, and late charges and other fees of $1,576,973.96 with attorneys' fees and costs of collection to be added thereto. Interest continues to accrue in accordance with Article IV of the Note, as more particularly described therein.

The total amount due under the Loan Documents, including accruing interest, late fees, and attorneys' fees and expenses shall hereinafter be referred to as the "Indebtedness."

j.     Present title holders of the Property: Chicago South Loop Hotel Owner, LLC.

k.     Other persons in addition to such title holders who Plaintiff joins as Defendants and whose interest in or lien on the Property are sought to be terminated:

1)     V. White, to the extent the Guaranty provides an interest in the Property, and pursuant to her appearance on tax bills related to the Property;

2)     L. Dodd, to the extent the Guaranty provides an interest in the Property;

3)      SSM, pursuant to a purported lien filed against the Property on July 13, 2021 as the same appears in the Cook County Recorder of Deeds as Document No. 2119422042;

4)      MPM, pursuant to its appearance on tax bills related to the Property; and

5)      All Unknown Owners and Unknown and Non-Record Claimants.

l.    <u>Defendants who are personally liable for any deficiency</u>:

1)      Plaintiff reserves its right to assert against Borrower and Guarantors liability for any deficiency.

m.    <u>Capacity in which Lender brings this foreclosure action</u>:  Lender is the legal owner and holder of the Mortgage and the Loan Documents herein described and is entitled to all sums due thereunder.

n.    <u>Facts in support of shortened redemption period</u>:  The right of reinstatement and redemption has been waived pursuant to Section 14.2 of the Mortgage, titled *Marshalling and Other Matters*.

o.    <u>Statement that the right of redemption has been waived</u>:  The right of reinstatement and redemption has been waived pursuant to Section 14.2 of the Mortgage, titled *Marshalling and Other Matters*, among other provisions, which provides:

> Borrower hereby waives, to the extent permitted by law, the benefit of all . . . reinstatement and redemption laws now or hereafter in force . . .. Further, Borrower hereby expressly waives any and all rights and periods of redemption from sale under 735 ILCS 5/15-1601(b) or any other order or decree of foreclosure of this Security Instrument on behalf of Borrower, and on behalf of each and every Person

acquiring any interest in or title to the Property subsequent to the date of this Security Instrument and on behalf of all Persons to the extent permitted by Applicable Laws.

p.      Facts in support of request for attorneys' fees and costs and expenses:

Section 11.1(h) of the Mortgage, titled *Remedies*, provides as follows:

> Upon the occurrence of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property . . .. Lender may … (vii) apply the receipts from the Property to the payment of the Debt, in such order, priority and proportions as Lender shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, insurance and other expenses in connection with the Property, as well as just and reasonable compensation for the services of Lender, its counsel, agents and employees.

In addition, Section 11.3 of the Mortgage, titled *Right to Cure Defaults*, provides as follows:

> Lender is authorized to . . . foreclose this Security Instrument or collect the Debt. The cost and expense of any cure hereunder (including reasonable attorneys' fees to the extent permitted by law), with interest as provided in this Section 11.3 shall constitute a portion of the Debt and shall be due and payable to Lender upon demand. All such costs and expenses incurred by Lender in remedying such Event of Default . . . shall be deemed to constitute a portion of the Debt and be secured by this Security Instrument and the other Loan Documents and shall be immediately, due and payable upon demand by Lender therefor.

Also, Section 19.2 of the Mortgage, titled *Legal Fees for Enforcement*, provides as follows:

> (a) . . . Borrower shall pay to Lender on demand any and all expenses, including legal expenses and attorneys' fees, incurred or paid by Lender in protecting its interest in the Property or in collecting any amount payable hereunder or in enforcing its rights hereunder with respect to the Property, whether or not any legal proceeding is commenced hereunder or thereunder, together with interest thereon at the Default Rate from the date paid or incurred by Lender until such expenses are paid by Borrower, and all "special servicing", "workout" and/or "liquidation" fees (or their equivalent).

q. <u>Facts in support of a request for appointment of receiver</u>:  Section 11.1(g) of the Mortgage permits the Lender to take the following action in order to "protect and enforce its rights against Borrower and in and to the Property":

> apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any Guarantor, Indemnitor or of any Person liable for the payment of the Debt.

r. Lender does NOT offer to accept title to the Property in satisfaction of the Indebtedness and obligations secured by the Mortgage without judicial sale.

s. <u>Defendants whose rights to possess the Property, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof</u>:

1) Borrower;

2) V. White;

3) L. Dodd;

4)      SSM;

5)      MPM; and

6)      All Unknown Owners and Non-Record Claimants.

Lender's interest in the Property is superior to the rights, if any, held by the above-named entities and individuals.

**ANSWER:      Defendant admits the allegations in subsections 23(a), (b), (c), (e), (f), (g), and (j). Defendant denies the allegations in subsections 23(d), (h), (i), (k), (l), (m), (n), (o), (p), (q), (r) and (s).**

*                              *                              *

24. Along with the allegations set forth above, Plaintiff hereby incorporates all of the allegations deemed to be included in a mortgage foreclosure complaint pursuant to Section 735 ILCS 5/15-1504(c).

**ANSWER:      Defendant denies that any default has incurred, denies that Plaintiff has a right to declare all amount immediately due and payable, and deny all other allegations incorporated by reference from 735 ILCS 5/15-1504(c).**

*                              *                              *

WHEREFORE, Defendant Chicago South Loop Hotel Owner, LLC prays that the court dismiss the Complaint, enter judgment in favor of Chicago South Loop Hotel Owner, LLC and against U.S. Bank National Association, as Trustee for Morgan Stanley Bank Of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13, and grant such other and further relief as the court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant Chicago South Loop Hotel Owner, LLC, in support of its affirmative defenses to the Verified Complaint for Mortgage Foreclosure and Other Relief states the following:

1.      Defendant Chicago South Loop Hotel Owner, LLC ("Borrower") is the record owner of real property located at 11 West 26th Street, Chicago, Illinois ("Property").

2.      Chicago South Loop Hotel, LLC ("Operator") is the sole member of Borrower and operates the 232 room hotel located at the Property.

3.      Operator is not a party to any of the alleged Loan Documents.

4.      Defendant Vickie White ("White") is the current owner of a 57.5% membership interest in Operator and Defendant Louis Dodd ("Dodd") owns the remaining 42.5% membership interest in Operator.

5.      Prior to July 18, 2018, White and Dodd were co-managers of the Operator.

6.      On July 18, 2018, a majority of the members of Borrower consented and resolved to remove Louis Dodd ("Dodd") as Co-Manager and Secretary of Operator for cause, which included his mismanagement of the hotel.  A true and correct copy of the resolutions is attached to this affidavit as exhibit 1.

7.      The resolutions further provide that "All expenditures of the company, which exceed $5,000.00, require two (2) written estimates and shall be reviewed and approved by the majority vote of the Co-Owners/Co-Managers of the company, prior to any and all work to be performed."  Ex. 1, p. 8.

8.      On February 2, 2019, Operator's 10-year Hotel Management Agreement with First Hospitality Group, Inc. ("FHG") expired and Operator did not renewed such contract for

16

among other reasons, mismanagement of the hotel. On or about September, 2019, FHG ceased all activity as property manager for the hotel.

9. Lender was aware of the removal of Dodd as co-manager in 2018 and the subsequent termination of FHG's management contract and never objected to such change.

10. Examples of mismanagement of the hotel by Dodd prior to 2018 include, but are not limited to the following:

> (a) arranging for kickbacks from contracts made with vendors who provided services to the Hotel;
>
> (b) wrongfully directing FHG to write personal checks to Dodd without any basis and to conceal such payments from the other owners. Attached as exhibit __ is an email dated December 14, 2017 in which agents of FHG indicated that a $6,000 check should be written and given directly to Dodd without anyone at the hotel knowing;
>
> (c) wrongfully executing lien waivers and directing FHG to pay invoices to Dodd directly for renovations work purportedly done by Dodd to the hotel as a "contractor";
>
> (d) failing to account to the Borrower and Operator for monies purportedly spent on renovations to the hotel;
>
> (e) misrepresenting to the other members the cost of the renovations;
>
> (f) failing to submit plans to the City of obtain permits for renovations to the hotel causing the City to issue Citations and shut down the renovations.

11. As a result of the kickbacks provided to Dodd, the Borrower and Operator often paid excessive fees for products and services.

12.     In addition to facilitating Dodd's misconduct, FHG also charged excessive fees to Borrower and Operator. For instance, FHG charged a commission management fees to every purchase made on behalf of Operator and for all services provided to the Operator. Therefore, the more money they spent purchasing items for the hotel the more commission earned by FHG.  As a result the Operator spent excessive amounts for items purchased for the hotel.

13.     The current property manager Premier Hospitality, LLC has acted as property manager since September 2019 an has at all times managed the Property in a first-class manner and the Property is better managed than it was under the oversight of Dodd and FHG.

14.     The Operator is currently paying all expenses and costs associated with operating and maintaining the Property.

15.     Borrower has made all payments due and owing to Lender under the Loan Documents and there are no outstanding amounts due and owing.

**First Affirmative Defense: Breach of Implied Covenant of Good Faith and Fair Dealing**

16.     Defendant incorporates by reference paragraphs 1 through 15 of its Affirmative Defenses as though fully set forth herein.

17.     Under the terms of the Mortgage, Plaintiff has discretion to consent to the change of property manager; removal of Dodd from overseeing day-to-day operations of the hotel; change of bank accounts; and various other matters which Plaintiff claims to be a default of the loan documents.

18.     Plaintiff has acted in bad faith, arbitrary, and capriciously in refusing to consent to the removal of Dodd as co-manager for cause, the change in property managers, and change of bank accounts necessitated by the removal of Dodd and FHG as managers.

19.     Plaintiffs' refusal to consent and declaration of default based upon the actions taken by Borrower in order to preserve the hotel business and Property is a violation of the implied covenant of good faith and fair dealing  and cannot be a basis for declaring the loan in default.

## Second Affirmative Defense: Waiver

20.     Defendant incorporates by reference paragraphs 1 through 15 of its Affirmative Defenses as though fully set forth herein.

21.     Many of the purported defaults alleged by Plaintiff, such as the removal of Dodd, occurred as far back as 2018.

22.     Plaintiff has capriciously and in bad faith refused to consent to the removal of Dodd and change in property manager even though the hotel is better run, the Property well-maintained, and all expenses and cost of operation and maintenance are currently being paid..

23.     Plaintiff has accepted Defendant's monthly mortgage payments in keeping the loan current from the inception of the loan through the present.

24.     Plaintiff has thereby waived its right to enforce any of the relevant terms upon which its foreclosure complaint is premised.

## Third Affirmative Defense -Unclean Hands

25.     Defendants reasserts and re-allege paragraphs 1 through 15 incorporates by reference paragraphs 1 through 15 of its Affirmative Defenses as though fully set forth herein.

26.     Plaintiff has unclean hands in that it was aware that Dodd was mismanaging Borrower's business and was diverting income owing to the Borrower for his own personal use.

27.     Plaintiff has unclean hands in that it was aware the FHG was facilitating  Dodd's mismanagement and diversion of Borrower's assets and despite such knowledge, Plaintiff has

declared there to be a default under the loan documents based upon the removal of Dodd and FHG and wrongfully commenced to foreclose upon the Property.

WHEREFORE, Defendant Chicago South Loop Hotel Owner, LLC prays that the court dismiss the Complaint, enter judgment in favor of Chicago South Loop Hotel Owner, LLC and against U.S. Bank National Association, As Trustee For Morgan Stanley Bank Of America Merrill Lynch Trust 2013-C13, Commercial Mortgage Pass-Through Certificates, Series 2013-C13, and grant such other and further relief as the court deems equitable and just.

**CHICAGO SOUTH LOOP HOTEL OWNER, LLC**

By: _/s/ Amy E. Daleo_
One of Its Attorneys

Cornelius P. Brown (cbrown@cohonraizes.com)
Amy E. Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP
208 S LaSalle Street, Suite 1440
Chicago, IL 60604
Office: (312) 726-2252

## Verification

Under penalty of perjury as provided by law, the undersigned, on behalf of Chicago South Loop Hotel Owner, LLC, certifies that the statements set forth in this Answer and Affirmative Defenses are true and correct except as to matter therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that they verily believe the same to be true.

Dated this 17 day of October, 2022.

**Chicago South Loop Hotel Owner, LLC**

By: _____

Vickie White, its Manager